# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0515 | **DATE** | April 8, 2013 |
| **CASE TITLE** | Timothy Murray (#2011-005085) v. Nike, Inc. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#2] is granted. The Court authorizes and orders Cook County Jail officials to deduct $13.32 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608 to facilitate compliance with the order. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is closed on the Court's docket. Any other pending motions are denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[**For further details see text below.**]   Docketing to mail notices.
Mail AO 450

## STATEMENT

    Plaintiff, an inmate in the custody of the Cook County Department of Corrections, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he believes that Nike, Inc. has violated a copyright to a collection of fashion designs that he holds to twelve stiletto and high heeled athletic shoes for women.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $13.32. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

    However, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.

**(CONTINUED)**

AWL

**STATEMENT (continued)**

Plaintiff alleges that he holds an unspecified copyright on design sketches, slogans, and ideas entitled "Tigano Liquors" that includes twelve design sketches for stiletto or high heeled athletic shoes for women. Plaintiff alleges that he believes that his ideas as well as his design sketches were used by Nike, Inc. to create a similar shoe design. He further alleges that Nike, Inc. changed the shoe construction, but that otherwise the shoes are identical to his designs. Plaintiff alleges that Nike created the designs starting on November 5, 2010.

To prevail on a claim for copyright infringement under the Copyright Act, Plaintiff must establish that he owned a valid copyright in his manuscript and that Defendant, Nike, Inc. reproduced and distributed original elements of the copyrighted work. *See Feist Publications, Inc. v. Rural Tel. Serv., Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). To satisfy the requirement of Rule 8(a), Fed. R. Civ. P., that the complaint contain a short, plain statement of the claim, case law from this Circuit requires Plaintiff to allege four elements: "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir. 1994), cert. denied, 513 U.S. 950, 115 S. Ct. 365, 130 L. Ed. 2d 318 (1994). Plaintiff does not allege any facts showing that he registered a valid copyright for any of his designs, sketches, slogans, or ideas. Thus, he cannot state a claim for copyright infringement. *See* 17 U.S.C. § 411(a) (providing that no action for copyright infringement shall be made unless the copyright has been registered).

In addition, even if he had obtained a valid copyright, the claims should be dismissed. To satisfy the second part of a claim for copyright infringement, Plaintiff must allege facts showing that Defendant Nike, Inc. actually copied his work. He could do this by direct evidence of copying or by indirect evidence such as access to the copyrighted work and similarities between the copyrighted work and work produced by Nike. *See Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137 (2d Cir.1998). Plaintiff alleges no facts showing that Nike, Inc reproduced his designs, slogans, or ideas. Accordingly, Plaintiff has failed to state a claim and this case is dismissed.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted, and is closed on the Court's docket. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff's motion for default judgment is denied as moot.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."